**Clarence L. JENKINS, Petitioner,**

v.

**John W. WINGO, Warden, Kentucky State Penitentiary, Respondent.**

**Civ. A. No. 1567.**

United States District Court,
W. D. Kentucky, Bowling Green Division.

May 2, 1972.

Clarence L. Jenkins, pro se.

Ed W. Hancock, Atty. Gen., Com. of Ky., for respondent.

## MEMORANDUM AND ORDER

BRATCHER, District Judge.

On March 27, 1972, the petitioner, Clarence L. Jenkins, tendered for filing a verified petition for writ of habeas corpus and an affidavit of poverty seeking permission to proceed in forma pauperis thereon. By order entered March 29, 1972, the Court ordered the petitioner to file within twenty (20) days an amended verified petition supplying omitted details. On April 14, 1972, the petitioner complied by filing an amended verified petition, to which he attached a copy of the judgment and order reflecting his sentencing, a copy of the judgment and order entered by the trial court overruling his motion to vacate under RCr 11.42, a copy of the order appointing his attorney over a month prior to his trial, and a transcript of the arraignment and sentencing of the petitioner.

On motion of the plaintiff and the Court being sufficiently advised, leave is hereby granted for plaintiff to file and prosecute to conclusion the above-entitled action in forma pauperis, pursuant to Section 1915 of 28 United States Code.

On October 12, 1970, in the Allen Circuit Court, petitioner entered pleas of guilty to armed robbery, malicious shooting and wounding with intent to kill, and dwelling-house breaking. He

was sentenced to a term of ten (10) years on the armed robbery charge, a term of fifteen (15) years on the malicious shooting and wounding charge, and five (5) years on the charge of dwelling-house breaking, the sentences to run concurrently. He is presently incarcerated at the Kentucky State Penitentiary serving those sentences. In his original petition, and elaborated upon further in the amended petition, he alleges that he was denied the effective assistance of his appointed counsel, and that he was coerced into pleading guilty. He raised these allegations, along with others, by way of a RCr 11.42 motion to vacate filed in the Allen Circuit Court on August 11, 1971. The trial court examined the record, including a transcript of the arraignment and sentencing of the defendant, incorporating the latter into its judgment, and overruled the motion. This action of the trial court was affirmed on appeal to the Kentucky Court of Appeals.

The petitioner's own pleadings demonstrate beyond any doubt that he is not entitled to federal habeas corpus relief. As so aptly stated by the trial court after examining the transcript "the allegations of the movant, Clarence Logan Jenkins, [we find] to be illusory, nebulous, without factual or legal basis and subsequently conceived". The transcript of petitioner's arraignment and sentencing furnished by him with his petition shows that after the trial court had read each indictment verbatim, and the defendant had personally entered a plea of guilty thereto, the following colloquy occurred:

"JUDGE: Do you waive formal arraignment?

MR. COLE [Petitioner's Counsel] Yes, sir.

JUDGE: Have you been advised of your constitutional rights?

DEFENDANT: Yes, sir.

JUDGE: Your right to remain silent, your right not to incriminate yourself and your right to counsel?

DEFENDANT: Yes, sir.

JUDGE: Mr. Taylor, do you have a recommendation before I pass sentence?

MR. TAYLOR: Yes, Your Honor. The Commonwealth would like to recommend on the malicious shooting and wounding charge 15 years in the State Penitentiary; on the charge of Armed Robbery 10 years in the State Penitentiary, and on Dwelling House Breaking 5 years in the State Penitentiary, to run concurrently.

MR. COLE: Your Honor, please, I have discussed this matter with Mr. Jenkins, we have reviewed the Grand Jury proceedings the transcript of the examining trial, we have discussed the possible witnesses on his behalf, I have made no recommendation to him in regard to pleading guilty as to the sentences and based on our discussion he has reached his decision here this afternoon.

JUDGE: That is correct, isn't it Mr. Jenkins?

DEFENDANT: Yes, sir.

JUDGE: Now if you will, please answer the following questions so that you may be heard by the reporter. Mr. Cole have you explained Clarence Jenkins' constitutional rights to him?

MR. COLE: Yes, sir.

JUDGE: He has explained them to you hasn't he, Mr. Jenkins?

DEFENDANT: Yes, sir, Your Honor.

JUDGE: Do you understand that a plea of guilty—that with a plea of guilty that there will be no trial by jury and that the Court will merely pass judgment and that will be the end of it?

DEFENDANT: Yes, sir.

JUDGE: Do you understand that there will be no appeal?

DEFENDANT: Yes, sir.

JUDGE: Are you at this time under the influence of alcohol or narcotics in any way?

DEFENDANT: No, sir.

JUDGE: Have you ever been treated for a mental disease or been in a mental hospital?

DEFENDANT: No, sir.

JUDGE: Have any promises to you that if you plead guilty the Court will go easy on you? (sic)

DEFENDANT: No, sir.

JUDGE: Do you understand that no one could make you such a promise that would bind me as Judge of this Court?

DEFENDANT: Yes, sir.

JUDGE: Are you satisfied with the advice, aid and counsel Mr. David Cole, your attorney has given you?

DEFENDANT: Yes, sir.

JUDGE: Have you had all the time you wish to have to confer with your Attorney?

DEFENDANT: Yes, sir.

JUDGE: Would you like to confer with him further before we proceed?

DEFENDANT: No, sir, I would like to confer with my wife."

Whether it be that the petitioner is having second thoughts concerning the tactics that he employed in pleading guilty for an agreed-upon sentence, or whether he now has the perfect vision of hindsight, it is obvious on its face that petitioner's allegations that he was forced to plead guilty and did not have the effective assistance of counsel are "subsequently conceived". He was given every opportunity by the trial judge to make known any dissatisfaction that he may have had with his attorney or to reveal any pressure from any source or circumstance which may have influenced his plea of guilty. The Court was told that that decision was made by the petitioner himself, and this the petitioner did not deny. We will not now let the petitioner, by broad and vague generalities, recant his previously announced satisfaction with his counsel, nor will we now give any credence to his allegation that he himself did not voluntarily, with full understanding of the offenses and consequences of this plea, enter a plea of guilty to the charges. Petitioner cannot choose one course of action, where he convinces the trial court that he is knowingly and voluntarily entering a plea of guilty thereby inducing the court to accept the plea, and then some year and a half later in a collateral attack say in substance that he lied to the court at his arraignment, and now have the advantage of another trial. Although the petitioner, like many others, would like to defer the finality of his conviction, he has had his day in court and all of his rights were fully protected.

The petition is dismissed.